# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELLE DENNA UDO,<br><br>                       Plaintiff,<br><br>  vs.<br><br>KELKRIS ASSOCIATES, INC., dba<br>CREDIT BUREAU ASSOCIATES, and<br>TERRY DUREE,<br><br>                       Defendants. | CASE NO. 12-CV-2022- IEG (NLS)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE**<br><br>[Doc. No. 5] |

      Before the Court is Defendants Kelkris Associates, Inc. and Terry Duree's motion to dismiss Plaintiff Angelle Uno's complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. No. 5.] For the reasons below, Defendants' motion is **GRANTED**.

## BACKGROUND

      This case concerns Defendants' attempt to collect unpaid fees and storage costs arising from the towing and storage of Plaintiff's car. [*See* Doc. No. 1, ¶¶20-24.] On July 12, 2011, Defendants commenced a collection action against Plaintiff in Sacramento County Superior Court "based on a charge arising from the towing of Mr. [sic] Udo's vehicle without her knowledge or consent." [Doc. No. 1 at 4.] On April 1, 2011, Sacramento County Superior Court was found to be an improper venue and the action was ordered transferred to San Diego Superior Court upon payment of a transfer fee. [Doc. No. at 6.] The transfer fee was never paid, and the case was dismissed. [*Id.*] On August 16, 2012, Plaintiff filed the present action, alleging that Defendants'

1  commencement of a collection action in an improper venue constitutes violations of both the Fair
2  Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt
3  Collection Practices Act, Cal. Civ. Code §§ 1788-1788.32 ("RFDCPA"). [*See* Doc. No. 1.] The
4  present motion to dismiss contends, *inter alia*, that the debt at issue is not actionable under either
5  statute and thus Plaintiff's complaint must be dismissed with prejudice. [*See* Doc. No. 5.]

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) test the sufficiency of this required showing. *New Mexico State Investment Council v. Ernst & Young LLP*, 641 F.3d 1089, 1094 (9th Cir. 2011). "Dismissal is proper when the complaint does not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

## DISCUSSION

**1.     FDCPA**

"As a threshold matter, a suit brought under the FDCPA must involve a "debt" within the meaning of the statute." *Fleming v. Picard*, 581 F.3d 922, 925 (9th Cir. 2009) (quoting 15 U.S.C. § 1692(e)). The statute defines "debt" as:

> any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

*Id*. (quoting 15 U.S.C. § 1692a(5)). "Thus, whether the undisputed facts alleged in the complaint establish the existence of debt . . . requires [the Court] to examine the alleged 'transaction' and determine whether it is covered by the FDCPA." *Id*.

To be so covered, "at a minimum, a 'transaction' under the FDCPA must involve some kind of business dealing or other consensual obligation." *Id*.; *see also Waters v. Howard Sommers Towing, Inc.*, 2011 WL 1375292, at *7 (C.D. Cal. April 11, 2011) ("the law in this circuit is that for purposes of the FDCPA debt is incurred when a consumer engages in a consensual transaction:

1  the FDCPA limits its reach to those obligations to pay arising from consensual transactions, where
2  parties negotiate or contract for consumer-related goods or services."); *Yazo v. Law Enforcement*
3  *Systems, Inc*., 2008 WL 4852965, at *2 (C.D. Cal. Nov. 7, 2008) ("where the transaction is not a
4  consensual one, the resulting obligation is not "debt" within the meaning of the FDCPA.")

5        Here, the alleged debt consists of unpaid fees and storage costs arising from the non-
6  consensual towing and storage of Plaintiff's vehicle.  [Doc. No. 1 at 4 ("a debt based . . . in this
7  case [on] a charge arising from the towing of Mr. [sic] Udo's vehicle without her knowledge or
8  consent.").]  Moreover, numerous courts have held such fees and cost non-actionable under the
9  FDCPA.  *See Betts v. Equifax Credit information Services, Inc.*, 245 F.Supp.2d 1130, 1133-34
10 (W.D. Wash. 2003) ("The impoundment of one's vehicle and statutory liability that necessarily
11 attaches are not akin to even a broad interpretation of a contractual, business, or otherwise
12 consensual arrangement for services rendered. There is simply no "transaction" between the
13 parties."); *Waters*, 2011 WL 1375292, at *7 (holding that "plaintiff's towing debts do not fall
14 under the FDCPA because such debts cannot be considered consensual"); *Hylton v. Anytime*
15 *Towing*, 2012 WL 5498887, at *7 (S.D. Cal. Nov. 13, 2012) ("a motor vehicle impoundment and
16 towing fees arising out of action authorized by state law enforcement agency do not constitute a
17 'debt' within the meaning of Fair Debt Collection Practices Act."); *Reid v. American Traffic*
18 *Solutions, Inc*., 2010 WL 5289108, at *4 (S.D. Ill. Dec. 20, 2010) ("Transactions under the
19 FDCPA do not include non-consensual obligations such as those resulting from . . . automobile
20 impoundment and storage fees"); *Corridean v. Restore Financial Services*, 2007 WL 1114221, at
21 *5-6 (D. Or. April 10, 2007) (same).  Plaintiff's opposition fails to even address this issue, much
22 less cite authority to the contrary. [*See* Doc. No. 7]  Because the towing fees at issue here do not
23 constitute "debt" under the FDCPA, Plaintiff's FDCPA claims are **DISMISSED WITH**
24 **PREJUDICE**.

25       **2.**      **RFDCPA**

26       "[T]he RFDCPA only applies to transactions 'in which property, services or money is
27 acquired on credit.'"  *Jachimiec v. Regent Asset Management Solutions, N.A.*, 2011 WL 2160661,
28 at *2 (S.D. Cal. May 26, 2011) (quoting Cal. Civ.Code § 1788.2(e)).  Thus, to state a claim,

Plaintiff must allege that Defendant "attempt[ed] to collect a debt arising from a 'consumer credit transaction.'" *Abels v. JBC Legal Group, P.C.*, 428 F. Supp. 2d 1023, 1026 (N.D. Cal. 2005). Here, as noted *supra*, the alleged debt arose from unpaid fees and storage costs arising from the towing and storage of Plaintiff's vehicle, none of which involved any credit transaction. [*See* Doc. No. 1 at 4.] Thus, Plaintiff's RFDCPA claims are **DISMISSED WITH PREJUDICE**.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**DATED:** November 29, 2012

IRMA E. GONZALEZ
United States District Judge